FILED by ___ D.C.
ELECTRONIC

**Dec 15 2005**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 05-22927-CIV-GRAHAM/O'SULLIVAN

LESLIE MIEDEMA,
individually and on behalf of all
others similarly situated,

        Plaintiff,

v.

MAYTAG CORPORATION, a foreign
corporation,

        Defendant.

_____/

## PLAINTIFF'S MOTION TO REMAND, BASED ON LACK OF SUBJECT MATTER JURISDICTION, AND SUPPORTING MEMORANDUM OF LAW

The Plaintiff, LESLIE MIEDEMA, individually and on behalf of all others similarly situated, in response to the Notice of Removal filed herein by the Defendant, MAYTAG CORPORATION ("MAYTAG"), moves this Court, pursuant to 28 U.S.C. §1447(c), for the entry of an Order remanding the above-styled case to the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida, on the grounds that MAYTAG has failed to meets its burden of demonstrating, by a preponderance of the evidence, that the amount in controversy in this action exceeds the minimum jurisdictional requirements of this Court. In support of her Motion, MIEDEMA submits the following Memorandum of Law:

## STATEMENT OF FACTS

1.      In the Summer of 2002, MIEDEMA purchased a brand new Amana range/oven, Model No. ACS7270AS, Serial No. 10955229AJ ("Range"), for personal use in a new home that

ANANIA, BANDKLAYDER, BLACKWELL, BAUMGARTEN, TORRICELLA & STEIN
BANK OF AMERICA TOWER, SUITE 4300, 100 S.E. SECOND STREET, MIAMI, FLORIDA 33131-2144 • TELEPHONE (305) 373-4900 • FACSIMILE (305) 373-6914

dg\6

CASE NO. 05-22927-CIV-GRAHAM/O'SULLIVAN
Page 2

she was building in Jacksonville, Florida.

2.      Unbeknownst to MIEDEMA, her new Range was defective in its design and/or manufacture.   Those defects included, but may not have been limited to, deficiencies in the motorized door latch assembly.

3.      The deficiencies, in turn, prevented the door in MIEDEMA's Range from properly closing, which, among other things, allowed heat to escape from the Range when used in its intended manner.

4.      The escaping heat damaged other components in the Range, including the unit's control board.   In fact, on two separate occasions, the defect in the door latch assembly of MIEDEMA's unit "fried" the control board.

5.      As a direct and proximate result of the subject defects and the damage that they caused to the control board, MIEDEMA was without the use of her Range for extended periods of time and was forced to incur substantial repair costs.

6.      MIEDEMA has since discovered that MAYTAG manufactured and sold a number of makes and models of ranges/ovens that incorporate the defectively designed and/or manufactured motorized door latch assembly.

## STATEMENT OF PROCEEDINGS

Based on the foregoing, on October 11, 2005, MIEDEMA filed a Class Action Complaint against MAYTAG in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida styled *LESLIE MIEDEMA, individually and on behalf of all others similarly situated, v. MAYTAG CORPORATION, a foreign corporation*, Case No. 05-20343 CA 08, a copy of which is attached

ANANIA, BANDKLAYDER, BLACKWELL, BAUMGARTEN, TORRICELLA & STEIN
BANK OF AMERICA TOWER, SUITE 4300, 100 S.E. SECOND STREET, MIAMI, FLORIDA 33131-2144 • TELEPHONE (305) 373-4900 • FACSIMILE (305) 373-6914

CASE NO. 05-22927-CIV-GRAHAM/O'SULLIVAN
Page 3

hereto as Exhibit A. In that Complaint, MIEDEMA seeks damages on behalf of herself and all other purchasers of Maytag ranges/ovens, in the State of Florida, bearing Model Nos. ACS3350AB, ACS3350AC, ACS3350AS, ACS3350AW and ACS4250AB, ACS4250AC, ACS4250AW, ACS7270AB, ACS7270AS, ACS7270AW, AOCD2770E, AOCD2770SS, AOCD2770WW, AOCS2740E, AOCS2740WW, AOES2730E, AOES2730WW, AOGD2750E, AOGD2750SS, AOGD2750WW, ARG7600CC, ARG7600LL, ARG7600WW, ARG7800CC, ARG7800E, ARG7800LL, ARG7800SS, ARG7800WW, ARGS7650CC, ARGS7650E, ARGS7650LL, ARGS7650SS, ARGS7650WW, ARR6400LL, ARR6400LL, ARR6400WW, ARR6420CC, ARR6420WW, ARRS6550E, ARRS6550WW, ART6511E, ART6511LL, ART6511WW, ART6522CC, ART6522E, ART6522LL, ART6522WW, ARTC7511E, ARTC7511LL, ARTC7511WW, ARTC7522CC, **which incorporate the defective motorized door latch assembly**. Exhibit A at ¶¶ 21 and 22.[1]

MAYTAG responded, on November 10, 2005, by filing a Notice of Removal, in which it alleges that "the claims of the individual putative class members, when aggregated, exceed $5,000,000.00, exclusive of interest and costs." Notice of Removal at ¶9. In support of that assertion, MAYTAG relies on the Affidavit of Jodi Jarrett, a MAYTAG "Information Analyst," who claims, in a vague and conclusory fashion, that: (1) "a total of 6,729 of the models of ranges/ovens identified in paragraph 22 of the Complaint were sold in Florida;" and (2) "[t]he total value of those ranges/ovens is $5,931,971." Jarrett Affidavit attached hereto as Exhibit B at ¶4. However, a review of the applicable authorities and the allegations in the Complaint affirmatively and conclusively

---

[1] MIEDEMA has since filed an Amended Complaint (DE# 5).

ANANIA, BANDKLAYDER, BLACKWELL, BAUMGARTEN, TORRICELLA & STEIN
BANK OF AMERICA TOWER, SUITE 4300, 100 S.E. SECOND STREET, MIAMI, FLORIDA 33131-2144 • TELEPHONE (305) 373-4900 • FACSIMILE (305) 373-6914

CASE NO. 05-22927-CIV-GRAHAM/O'SULLIVAN
Page 4

demonstrates that MAYTAG has not met its burden of proving, by a preponderance of the evidence, that this Court has subject matter jurisdiction over MIEDEMA's claims. Accordingly, this Court should remand this action to state court and award MIEDEMA any and all such further relief to which she is entitled.

## ARGUMENT

I.    **AS THE REMOVING PARTY, MAYTAG INDISPUTABLY HAS THE BURDEN OF PROVING THE EXISTENCE OF FEDERAL JURISDICTION**

It is axiomatic that "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the District and Division embracing the place where such action is pending." 28 U.S.C. §1441(a). As a general rule, district courts have original jurisdiction over two principal types of cases, *i.e.*, those involving a federal question (28 U.S.C. §1441(b)) and cases between completely diverse parties, which satisfy the minimum jurisdictional requirement of the district court (28 U.S.C. §1332(a)). In the case of class actions, district courts have original jurisdiction, so long as any member of the class of plaintiffs is a citizen of a state different from any defendant and the amount in controversy exceeds the sum of $5,000,000.00. 28 U.S.C. §1332(d)(2). Moreover, effective February 18, 2005, district courts are permitted to aggregate the claims of putative class members in determining whether the action satisfies that minimum jurisdictional requirement. 28 U.S.C. §1332(d)(6).

Where, as here, a case is removed to federal court, "[the] removing defendant has the burden of proving federal jurisdiction." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356 (11th Cir.

ANANIA, BANDKLAYDER, BLACKWELL, BAUMGARTEN, TORRICELLA & STEIN
BANK OF AMERICA TOWER, SUITE 4300, 100 S.E. SECOND STREET, MIAMI, FLORIDA 33131-2144 • TELEPHONE (305) 373-4900 • FACSIMILE (305) 373-6914

CASE NO. 05-22927-CIV-GRAHAM/O'SULLIVAN
Page 5

1996). Thus, the removing defendant has the burden of demonstrating either: (1) that there is a federal question; or (2) that complete diversity exists between itself and the putative class members and that the amount in controversy exceeds $5,000,000.00. *See* 28 U.S.C. §§1332(a), (d)(2) and (d)(6). A removing defendant's failure to satisfy its burden with respect to any of the essential prerequisites to the federal court's subject matter jurisdiction is fatal to its petition for removal and mandates that the case be remanded to state court. *See, e.g., Hayduk v. United Parcel Service, Inc.,* 930 F. Supp. 584 (S.D. Fla. 2004)(removal to federal court is only allowed where statutory prerequisites are met). *See also Herman Schamisso, DVBA v. Menelli, Inc.,* 657 F. Supp. 63 (S.D. Fla. 1986)(same).

## II.   MAYTAG MUST PROVE, BY A PREPONDERANCE OF THE EVIDENCE, THAT THE AMOUNT IN CONTROVERSY EXCEEDS THIS COURT'S MINIMUM JURISDICTION REQUIREMENTS

It is settled law in the Eleventh Circuit and elsewhere that when a plaintiff fails to plead a specific amount of damages, the removing defendant must prove, **by a preponderance of the evidence,** that the amount in controversy exceeds the jurisdictional requirements of the district court. *See, e.g., Tapscott,* 77 F. 3d at 1357. *See also Golden v. Dodge-Morkham Co.,* 1 F. Supp. 2d 1360 (M.D. Fla. 1998). In determining whether a defendant has met its burden, a district court "should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *See, e.g., Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319 (11th Cir. 2001). *See also Seirminski v. Tromsouth Fin. Corp.,* 216 F.3d 945 (11th Cir. 2000). However, it is equally well-established that "conclusory allegation[s] in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an

ANANIA, BANDKLAYDER, BLACKWELL, BAUMGARTEN, TORRICELLA & STEIN
BANK OF AMERICA TOWER, SUITE 4300, 100 S.E. SECOND STREET, MIAMI, FLORIDA 33131-2144 • TELEPHONE (305) 373-4900 • FACSIMILE (305) 373-6914

CASE NO. 05-22927-CIV-GRAHAM/O'SULLIVAN
Page 6

assertion, [are] insufficient to meet the defendant's burden." *See, e.g., Williams,* 269 F.3d at 1319-20. *See also Sandifer Partnership, Ltd. v. Dolgen Corp, Inc.,*, 2005 WL 2063790 (M.D. Fla. Aug. 24, 2005).

In *Sandifer Partnership,* the plaintiff filed an action in state court for unjust enrichment against a store that allegedly was in violation of an exclusivity provision in a lease between the plaintiff and a third party. As damages, the plaintiff sought the defendant's profits from the "sale of groceries in a sales area of greater than 500 square feet." *Id.* at 4. The defendant removed the case, based on its contention that there was complete diversity and that the amount in controversy exceeded $75,000.00. In support of its assertion as to the amount in controversy, the defendant filed the affidavit of one of its corporate officers, who stated that it "would be damaged well in excess of $75,000." *Id.* at 4. On plaintiff's motion to remand, the district court found that the defendant had not met its burden of proof as to the amount in controversy. *Id.* at 5. In reaching its decision, the court rejected the affidavit as being "conclusory and without sufficient factual foundation in the record . . ." *Id.* The court also deemed the affidavit to be insufficient because the affiant's measurement of damages was erroneous and not limited in scope to the measure of damages as alleged in the plaintiff's complaint. *Id.*

### III.   MAYTAG HAS NOT MET ITS BURDEN OF DEMONSTRATING THAT PLAINTIFF'S CLAIMS SATISFY THE AMOUNT IN CONTROVERSY REQUIREMENTS OF 28 U.S.C. §1332(d)(2)

Like the defendant in *Sandifer*, MAYTAG seeks to satisfy its burden, in the instant case, by relying on the affidavit of a corporate representative, *i.e.*, Jodi Jarrett, an "Information Analyst," who purports to have conducted unspecified "research" on "the models of ranges/ovens listed in

ANANIA, BANDKLAYDER, BLACKWELL, BAUMGARTEN, TORRICELLA & STEIN
BANK OF AMERICA TOWER, SUITE 4300, 100 S.E. SECOND STREET, MIAMI, FLORIDA 33131-2144 • TELEPHONE (305) 373-4900 • FACSIMILE (305) 373-6914

CASE NO. 05-22927-CIV-GRAHAM/O'SULLIVAN
Page 7

paragraph 22 of [MIEDEMA's] Complaint." Exhibit B at ¶¶ 3 and 4. Based on that research, Ms. Jarrett states, in a conclusory fashion, that "a total of 6,729 of the models/ranges of ovens identified in paragraph 22 were sold in Florida." Exhibit B at ¶2. Significantly, however, Ms. Jarrett does not confirm that each of those 6,729 units incorporates or incorporated the defective motorized door latch assembly.

Similarly, Ms. Jarrett does not identify the time period that she "researched" in arriving at the "total [number] of ranges/ovens sold in Florida." Without that information, neither MIEDEMA nor the Court can determine whether some portion of the 6,729 units fall outside the putative class period and, therefore, should not be included in determining whether this action meets the Court's minimum jurisdictional requirements. In addition, Ms. Jarrett does not identify how many of the 6,729 units: (1) are still in service; and (2) are still owned and operated by consumers in the State of Florida. All of these factors cast serious doubt on the results of Ms. Jarrett's "research" and the reliability of her statement that "6,729 total units [were] sold in Florida" as a basis for computing Plaintiff's potential damages and this Court's resulting subject matter jurisdiction.

Moreover, Ms. Jarrett's equally vague and conclusory assertion that "the total value of [the 6,729] ranges/ovens is $5,931,971" is similarly unreliable for several reasons. First, Ms. Jarrett does not define what she means by "total value," let alone identify the method she used to arrive at the $5,931,971.00 figure. MIEDEMA assumes that Ms. Jarrett is referring to the retail "value" of the subject units and that she simply multiplied the total number of units by the their suggested retail price to arrive at a "total value." If so, her analysis is fatally flawed. It is disingenuous, at best, for MAYTAG to suggest that if it ultimately is called upon to replace the defective ranges/ovens,

ANANIA, BANDKLAYDER, BLACKWELL, BAUMGARTEN, TORRICELLA & STEIN
BANK OF AMERICA TOWER, SUITE 4300, 100 S.E. SECOND STREET, MIAMI, FLORIDA 33131-2144 • TELEPHONE (305) 373-4900 • FACSIMILE (305) 373-6914

CASE NO. 05-22927-CIV-GRAHAM/O'SULLIVAN
Page 8

MAYTAG will do so at their retail value.  Instead, MAYTAG will do so at its cost of the

ranges/ovens, which is, by definition, only a fraction of the units' retail value.  Thus, even if the

method MAYTAG chose to employ in calculating Plaintiff's alleged losses were accurate, which

MIEDEMA does not concede, the "value" that MAYTAG selected (*i.e.*, retail rather than its cost)

grossly distorts the actual amount in controversy and, in doing so, creates a perception of subject

matter jurisdiction where no jurisdiction exists.  Accordingly, this Court should deem Ms. Jarrett's

Affidavit to be insufficient, as a matter of law, and grant MIEDEMA's Motion to Remand.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of December, 2005, I electronically filed the
foregoing with the Clerk of the Court by using CM/ECF system and sent a copy by U.S. mail to:
Sandord L. Bohrer, Esq. and Scott D. Ponce, Esq., Holland & Knight, LLP, 701 Brickell Avenue,
Suite 3000, Miami, Florida 33131.

ANANIA, BANDKLAYDER, BLACKWELL,
BAUMGARTEN, TORRICELLA & STEIN
Attorneys for the Plaintiff
Bank of America Tower, Suite 4300
100 S.E. Second Street
Miami, Florida 33131
Telephone:     (305) 373-4900
Facsimile:     (305) 373-6914


By:  s/ Donald A. Blackwell
        Francis A. Anania
        Florida Bar No. 160256
        Donald A. Blackwell
        Florida Bar No. 370967

Co-Counsel:
Jonathan Shub, Esq.
Sheller, Ludwig & Badey
1528 Walnut Street, 3rd Floor
Philadelphia, PA 19102
Phone: (215) 790-7300 Fax: 215-546-0942

# EXHIBIT A

IN THE CIRCUIT COURT OF THE 11ᵀᴴ JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO:    05 - 20343    CA 08

LESLIE MIEDEMA,
individually and on behalf of all
others similarly situated,

       Plaintiff,

v.

MAYTAG CORPORATION, a foreign
corporation,

       Defendant.

_____/



## CLASS ACTION COMPLAINT

The Plaintiff, LESLIE MIEDEMA, individually and on behalf of all others similarly situated, hereby sues the Defendant, MAYTAG CORPORATION, a foreign corporation, and alleges as follows:

## JURISDICTION, PARTIES AND VENUE

1.    This is an action for damages in excess of the minimum jurisdictional requirements of this Court, exclusive of attorney's fees, interest and costs.

2.    The Plaintiff, LESLIE MIEDEMA ("MIEDEMA"), is and, at all times material to this Complaint, was a resident of the State of Florida.

3.    The Defendant, MAYTAG CORPORATION ("MAYTAG"), is and, at all times material to this action, was a foreign corporation, who accepted the privilege that the laws of the State of Florida extend to nonresidents to operate, conduct, engage in or carry on a business or

Case No: _____

Page 2

business venture in Florida, or to have an office or agency in Florida. In doing so, MAYTAG is deemed to have designated the Secretary of State of Florida as its agent on whom all process could be served in any action or proceeding against MAYTAG arising out of any transaction or operation connected with or incidental to the business or business venture, pursuant to Section 48.181, Florida Statutes.

4.     At all times material to this action, MAYTAG designed, manufactured, marketed and sold various ranges/ovens to consumers in the State of Florida, including, but not limited to, MIEDEMA.

5.     Upon information and belief, MAYTAG designs, manufactures, markets and sells such ranges/ovens under a number of different brand names, including, but not limited to, Amana, Maytag, Magic Chef, and others.

6.     In the Summer of 2002, MIEDEMA purchased a brand new Amana range/oven, Model No. ACS7270AS, Serial No. 10955229AJ, for personal use in a new home that she was building in Jacksonville, Florida.

7.     Upon information and belief, during the past several years, thousands, if not tens of thousands, of other consumers in the State of Florida also purchased the same or substantially similar ranges/ovens manufactured by MAYTAG.

8.     Venue in this action is proper in Miami Dade County, Florida, pursuant to §47.011, Florida Statutes, because, among other things, the cause(s) of action that forms the basis for this claim accrued in Miami, Dade County, Florida, in that MIEDEMA purchased the defective range/oven in Miami.

ANANIA, BANDKLAYDER, BLACKWELL, BAUMGARTEN, TORRICELLA & STEIN
BANK OF AMERICA TOWER, SUITE 4300, 100 S.E. SECOND STREET, MIAMI, FLORIDA 33131-2144 • TELEPHONE (305) 373-4900 • FACSIMILE (305) 373-6914

Case No: _____

Page 3

## **GENERAL ALLEGATIONS**

9.      The ranges/ovens at issue in this case are and, at the time of sale, were defective in their design and manufacture.

10.     Those defects include, but may not be limited to, deficiencies in the motorized door latch assembly.

11.     Those deficiencies, in turn, prevent the door from properly closing, which, in turn, allows heat to escape from the ranges/ovens when used in their intended manner.

12.     The escaping heat, in turn, causes irreparable damage to other components of the ranges/ovens, including, but not limited to, the units' control boards.

13.     In fact, on two separate occasions, the defect in the door latch assembly of MIEDEMA's unit "fried" the control board, causing MIEDEMA to be without the use of her range/oven for extended periods of time and to incur substantial repair costs.

14.     The defects also discolor the units, diminish their value, and compromise the ability of the ranges/ovens to perform in their intended manner.

15.     Moreover, the defects the door latch assembly pose a significant safety risk to persons and property.

16.     MAYTAG is and, for a period of time that will be revealed through discovery, has been aware of the defects in the door latch assembly of its ranges/ovens.

17.     However, upon information and belief, MAYTAG made a conscious decision not to notify its customers, including MIEDEMA, of the aforementioned problems, let alone to recall the units for repair or replacement.

ANANIA, BANDKLAYDER, BLACKWELL, BAUMGARTEN, TORRICELLA & STEIN
BANK OF AMERICA TOWER, SUITE 4300, 100 S.E. SECOND STREET, MIAMI, FLORIDA 33131-2144 • TELEPHONE (305) 373-4900 • FACSIMILE (305) 373-6914

Case No: _____

Page 4

18.    Instead, in an effort to preserve the marketability of its range/oven products,

MAYTAG has chosen to remedy the design defects in the door assembly of its ovens, if at all, only

if its customers discover and take affirmative steps to remedy the problem.

19.    At the same time, MAYTAG has at least tacitly acknowledged the existence of a

defect by re-engineering a "second generation" door latch assembly that is to be used in performing

repairs necessitated by the defective part.

20.    All conditions precedent to the filing of this action have been performed, have

occurred, or have been waived.

## CLASS ACTION ALLEGATIONS

21.    MIEDEMA brings this action on behalf of herself and all other similarly situated

consumers of MAYTAG ranges/ovens that incorporate the defective motorized door latch assembly,

as a statewide class action, pursuant to Fla. R. Civ. P. 1.220(b)(2) or (b)(3).

22.    The class consists of:

All purchasers of Maytag ranges/ovens, in the State of Florida,
bearing Model Nos. ACS3350AB, ACS3350AC, ACS3350AS,
ACS3350AW and ACS4250AB, ACS4250AC, ACS4250AW,
ACS7270AB, ACS7270AS, ACS7270AW, AOCD2770E,
AOCD2770SS, AOCD2770WW, AOCS2740E, AOCS2740WW,
AOES2730E, AOES2730WW, AOGD2750E, AOGD2750SS,
AOGD2750WW, ARG7600CC, ARG7600LL, ARG7600WW,
ARG7800CC, ARG7800E, ARG7800LL, ARG7800SS,
ARG7800WW, ARGS7650CC, ARGS7650E, ARGS7650LL,
ARGS7650SS, ARGS7650WW, ARR6400LL, ARR6400LL,
ARR6400WW, ARR6420CC, ARR6420WW, ARRS6550E,
ARRS6550WW, ART6511E, ART6511LL, ART6511WW,
ART6522CC, ART6522E, ART6522LL, ART6522WW,
ARTC7511E, ARTC7511LL, ARTC7511WW, ARTC7522CC
(collectively "Subject Ovens").

Case No: _____

Page 5

23.    MIEDEMA believes that there are thousands of members of the above-described class. However, the exact number and identities of those class members presently is unknown to MIEDEMA, but is or may be known to MAYTAG.  In any event, the class is so numerous that joinder of all members is impracticable.

24.    MIEDEMA submits that the following issues of law and fact are common to her claim and the claims of the prospective class members:

(a)    Whether the Subject Ovens are defective in design or manufacture.

(b)    Whether MAYTAG knew or should have known of the defect(s) before it sold the Subject Ovens to the members of the class.

(c)    Whether, upon learning of the defect(s) in the Subject Ovens, MAYTAG was obligated to take and did take affirmative steps to notify its customers.

(d)    Whether, upon learning of the defect(s) in the Subject Ovens, MAYTAG was obligated to remedy the defective condition.

(e)    Whether MAYTAG is or should be required to replace the Subject Ovens.

(f)    Whether MAYTAG is or should be required to reimburse customers of the Subject Ovens for expenses they incurred in remedying the design defect and the damage that it caused to other components.

(g)    Whether MAYTAG is or should be required to reimburse customers of the Subject Ovens for the loss of use and value attributable to the design defect.

26.    Moreover, MIEDEMA reasonably anticipates that MAYTAG's defenses, if any, to her claims and the claims of other class members will be the same.

27.    MIEDEMA, as a member of the class, will fairly and adequately protect the interests of the class, because the interests of MIEDEMA are coincident with, and are not antagonistic to, the interests of the other members of the class.

Case No: _____

Page 6

28.     Prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual class members which would establish incompatible standards of conduct for MAYTAG.

29.     Prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual class members, which would, as a practical matter, be dispositive of the interest of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

30.     MAYTAG has established a business practice with respect to addressing the defective condition of the Subject Ovens and/or has acted or refused to act on grounds generally applicable to each member of the class, thereby making corresponding relief appropriate with respect to the class as a whole.

31.     The questions of law or fact common to the members of the classes predominate over any questions affecting any individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy between MIEDEMA, the putative class members, and MAYTAG.

32.     The class is readily definable and, in part, is one for which records exist.

33.     Proof of damage is a common issue and can be established uniformly for the class as a whole.

34.     MAYTAG has acted uniformly with respect to all class members.

Case No: _____

Page 7

## COUNT I: NEGLIGENCE (ALL PLAINTIFFS)

35.    MIEDEMA re-alleges and incorporates by reference the allegations in Paragraph Nos. 1 through 34, as if fully set forth herein.

36.    MAYTAG designed, manufactured, tested, inspected, distributed and sold the Subject Ovens for their normal and intended usage.

37.    MAYTAG breached the duty of reasonable care that it owed to MIEDEMA and other members of the class with respect to the Subject Ovens, by, among other things:

    (a)    negligently designing and/or manufacturing the ovens;

    (b)    negligently testing or failing to test the ovens for defects;

    (c)    negligently inspecting or failing to inspect the ovens for defects;

    (d)    negligently warning or failing to warn consumers of known defects in the ovens; and

    (e)    such other negligent acts and omissions as discovery may reveal.

38.    As a direct and proximate result of MAYTAG's negligence, MIEDEMA and other members of the class have suffered and continue to suffer damages, including, but not limited to, the cost of repairing the Subject Ovens, the loss of value, the loss of use, and other injuries described herein.

WHEREFORE the Plaintiff, LESLIE MIEDEMA, individually and on behalf of all others similarly situated, demands judgment against the Defendant, MAYTAG CORPORATION, for compensatory damages, plus pre- and post-judgment interest, costs, and any and all such further relief to which she is entitled.

ANANIA, BANDKLAYDER, BLACKWELL, BAUMGARTEN, TORRICELLA & STEIN
BANK OF AMERICA TOWER, SUITE 4300, 100 S.E. SECOND STREET, MIAMI, FLORIDA 33131-2144 • TELEPHONE (305) 373-4900 • FACSIMILE (305) 373-6914

Case No: _____

Page 8

## COUNT II: BREACH OF EXPRESS WARRANTY (ALL PLAINTIFFS)

39.    MIEDEMA re-alleges and incorporates by reference the allegations in Paragraph Nos. 1 through 34, as if fully set forth herein.

40.    MAYTAG designed, manufactured, tested, inspected, distributed and sold the Subject Ovens for their normal and intended usage.

41.    MAYTAG expressly and affirmatively represented to MIEDEMA and every other class member that the Subject Ovens were state of the art appliances.

42.    MAYTAG further represented that the Subject Ovens were free of defects and that they would safely perform in their usual and intended manner.

43.    MAYTAG breached each and every one of those warranties with respect to the Subject Ovens, in that, among other things: (a) the Subject Ovens are defective in their design and manufacture; (b) the Subject Ovens create a safety risk to their users; and (c) such other breaches as discovery may reveal.

44.    As a direct and proximate result of MAYTAG's breach of warranty, MIEDEMA and other members of the class have suffered and continue to suffer damages, including, but not limited to, the cost of repairing the Subject Ovens, the loss of value, the loss of use, and other injuries described herein.

WHEREFORE the Plaintiff, LESLIE MIEDEMA, individually and on behalf of all others similarly situated, demands judgment against the Defendant, MAYTAG CORPORATION, for compensatory damages, plus pre- and post-judgment interest, costs, and any and all such further relief to which she is entitled.

ANANIA, BANDKLAYDER, BLACKWELL, BAUMGARTEN, TORRICELLA & STEIN
BANK OF AMERICA TOWER, SUITE 4300, 100 S.E. SECOND STREET, MIAMI, FLORIDA 33131-2144 • TELEPHONE (305) 373-4900 • FACSIMILE (305) 373-6914

Case No: _____

Page 9

## COUNT III: VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT (ALL PLAINTIFFS)

45.    MIEDEMA re-alleges and incorporates by reference the allegations in Paragraph Nos. 1 through 34, as if fully set forth herein.

46.    MIEDEMA and other members of the class are "consumers" as that term is used in Section 501.203 (7), Florida Statutes of Florida's Deceptive and Unfair Trade Practices Act, Section 501.201 *et seq.*, Florida Statutes ("Act").

47.    MIEDEMA and other members of the class also are "persons" as that term is used in Section 501.211, Florida Statutes of the Act and Section 1.01(3) Florida Statutes.

48.    At all times material to this action, MAYTAG designed, manufactured, tested, inspected, distributed and sold the Subject Ovens for their normal and intended usage.

49.    At the time that it marketed the Subject Ovens, MAYTAG knew that the Subject Ovens were defective in their design and manufacture.

50.    MAYTAG also knew that the design and/or manufacturing defect in the Subject Ovens created a safety risk to their users.

51.    Despite such knowledge, MAYTAG actively concealed and continues to conceal such information from MIEDEMA and other members of the class

52.    Had MAYTAG timely disclosed the existence of the design and/or manufacturing defect in the Subject Ovens, MIEDEMA and other members of the class would not have purchased the Subject Ovens.

ANANIA, BANDKLAYDER, BLACKWELL, BAUMGARTEN, TORRICELLA & STEIN
BANK OF AMERICA TOWER, SUITE 4300, 100 S.E. SECOND STREET, MIAMI, FLORIDA 33131-2144 • TELEPHONE (305) 373-4900 • FACSIMILE (305) 373-6914

Case No: _____

Page 10

53.     MAYTAG's failure and/or refusal to timely disclose the existence of a design

and/or manufacturing defect in the Subject Ovens constitutes an unfair and deceptive trade or

business practice within the meaning of the Act.

54.     As a direct and proximate result of MAYTAG's violation of the Act, MIEDEMA

and other members of the class have suffered and continue to suffer damages, including, but not

limited to, the cost of repairing the Subject Ovens, the loss of value, the loss of use, and other

injuries described herein.

WHEREFORE the Plaintiff, LESLIE MIEDEMA, individually and on behalf of all others

similarly situated, demands judgment against the Defendant, MAYTAG CORPORATION, for

compensatory damages, plus pre- and post-judgment interest, costs, and any and all such further

relief to which she is entitled.

## DEMAND FOR JURY TRIAL

The Plaintiffs hereby demand a trial by jury on all issues so triable as a matter of right.

Dated this _____ day of October, 2005.

ANANIA, BANDKLAYDER, BLACKWELL,
BAUMGARTEN TORRICELLA & STEIN
Attorneys for Plaintiff
Bank of America Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
Telephone    (305) 373-4900
Facsimile:    (305) 371-6914

By:_____
Donald A. Blackwell
Florida Bar No. 370967
Francis A. Anania
Florida Bar No. 160256

ANANIA, BANDKLAYDER, BLACKWELL, BAUMGARTEN, TORRICELLA & STEIN
BANK OF AMERICA TOWER, SUITE 4300, 100 S.E. SECOND STREET, MIAMI, FLORIDA 33131-2144 • TELEPHONE (305) 373-4900 • FACSIMILE (305) 373-6914

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

LESLIE MIEDEMA,
individually and on behalf
of all others similarly situated,

     Plaintiff,

vs.

MAYTAG CORPORATION,

     Defendant.

_____/

## DECLARATION OF JODI JARRETT

Pursuant to 28 U.S.C. §1746, I, Jodi Jarrett, under penalty of perjury, declare as follows:

1.    I have personal knowledge of the facts set out in this Declaration.

2.    I am an Information Analyst in the Technical Services department of Maytag Corporation ("Maytag").

3.    I have researched the models of "ranges/ovens" listed in paragraph 22 of the Complaint that Plaintiff has filed in this lawsuit.



4.    According to Maytag's records and experience, a total of 6,729 of the models of ranges/ovens identified in paragraph 22 of the Complaint were sold in Florida. The total value of those ranges/ovens is $5,931,971.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on _Nov 9_____, 2005.

JODI JARRETT

#3367646_v1

2